PENDLETON, President.
It can never be necessary to labor that point. It is clear, that interest was not recoverable till the rendition of the judgment.
Upon a succeeding day of the term, the Court delivered their opinion to the following effect.
*170 ROANE, Judge.
These cases will go off, in my opinion, on this point, whether the writs of supersedeas did not improvidently and irregularly issue, as being beyond the limitation prescribed by law in such cases?
The judgments were all of them rendered in the General Court, prior to the commencement of the operation of the District Court law of 1788; [c. 67, 12 Stat. Larg. 730,] which law has a clause to this effect: [§ 86. ] “That no supersedeas or writ of error shall be granted to any judgment in the District, County, or other inferior Court, after the expiration of five years from the date, in case of judgments hereafter to be obtained; dr, after the first day of January, 1793, in case of judgments already obtained,” with the usual saving to infants, feme coverts, &c.
The District Court law of 1792, [c. 14, 13 Stat. Larg. 427,] omits the provision in the law just stated, respecting judgments already obtained, i. e. prior to December, 1788, not because unconstitutional to have made it, but because it was wholly unnecessary to insert- it; inasmuch as the act of 1788, which gave time for a supersedeas in the case of judgments already obtained, till the first of January, 1793, was to be in force till that time, the new law having a suspending clause till the first of January, 1793. And there was no reason for extending a time, which a former Assembly thought sufficient as to those prior judgments, and which, even from the date of that law, (though many judgments were then of considerable standing,) was nearly as long as that prescribed by the same law, in case of judgments in future.
But it is objected, that the limitation of that law, as applied to existing judgments, is unconstitutional. I answer, that it takes from the party no right but that of overhauling judgments after a considerable lapse of time, to the great disturbance and injury of the public; that, onthé other hand, it operates as an invitation to a party speedily to come forward and assert his right, if he has any, and is only an accelleration of the Courts of Justice; and that, if the objection is valid, it would perhaps equally lie, which was never pretended, against the limitation, in case of future judgments, arising on claims prior to the act; as a judgment does not originate, but only ascertains a right. But what is equally conclusive with me, is, that the power exercised by the Legislature, and now in question, is one which even Courts of Law, of their own mere authority, have often exercised, by shutting the door to a stale assertion of right. An *171 instance of this kind is to be found in the Winchelsea Causes, 4 Burr. 1963, in which the Court of King’s Bench determined, that after twenty years unimpeached possession of a franchise, in a corporation, the Court will not oblige a person in possession, to show by what right he holds it: A decision, which was founded on the inconvenience of having rights disturbed after a great lapse of time, and dictated, as to the particular length of time, by an analogy to other cases of limitation.
If, then, the right to review judgments given in District Courts, prior to the commencement of the District Court law of 1788, ceased on the first of January, 1793, how does the case stand with respect to judgments given in the General Court during the same period? i. e. how does the law in this particular affect the cases at bar ?
The act constituting the Court of Appeals, which passed upon the 36 th day of October, 1793, [c. 11, 13 St at. Larg. 405,] and was in force from that time, has a provision to this effect: [§ 14.] Appeals, writs of error and su - persedeas may be granted, heard and determined, by the Court of Appeals, to or from any final decree or judgment of the High Court of Chancery, General Court, or District Courts, in the same manner, and on the same principles, as appeals, writs of error and supersedeas are granted, heard and determined, by the High Court of Chancery and District Courts, to judgments, &c. of the County Courts.
If this act had passed on the same day, or even in the same session with the District Court law of 1788, no person could have doubted that it would have embraced, as to General Court judgments, the limitation therein prescribed for writs of supersedeas in the District Courts; 1st. Because the words, I think, are sufficiently comprehensive, and, 2d. Because there is a very strong presumption, that the Legislature of a country would mean to extend equally to all Courts, a limitation of this kind; and, especially, could never be supposed to have intended to exempt alone the judgments of that Court, which administers, in a peculiar manner, the fiscal jurisdiction of the Commonwealth.
We well know, that it is so desirable a thing to have an equal measure of limitation in different Courts of the same country, that Courts of Equity, of their own authority, have adopted the statute of limitations as a positive rule; and apply it, by parity of reason, to cases not within it.
*172 Notwithstanding, however, the strong reason supposed to be on the mind of the Legislature in this respect, it so happened, that adequate words were not used to extend the limitation to judgments of the General Court, until October session, 1792; when the system of our Courts underwent a revision, and the Legislature enacted a clause of the Court of Appeals law above mentioned.
At the time of the enacting and commencement of this last act, the law of 1788, .was in force, and for some time after. The former act, therefore, may well be considered as expressly referring to the latter, and adopting all its provisions in this respect; and, even had the latter been then expired, it is a general rule, that all acts in pari materia, though some of them may he out of force, are tobe consulted in forming a conclusion depending upon more than one of them.
I have said, that the words of the Court of Appeals law are, in themselves, with the reference just stated, sufficiently comprehensive to embrace the cases at bar. They are, that “ appeals, writs of error and supersedeas, may be granted, heard and determined by the Court of Appeals, to and from any final decree or judgment of the High Court of Chancery, General Court and District Courts, in the same manner and on the same principles as appeals, writs of error and supersedeas, are to be granted, heard and determined by the High Court of Chancery and District Courts, to and from any final decree or judgment of a County, City or Borough Court.” Now, if it were asked, on what principle a supersedeas was refused, would I speak improper, if I said on the principle of its being barred by length of time? And, vice versa, might I not say, that a supersedeas was granted on these principles ? 1st. That the judgment to which it related was erroneous; and 2d. That a supersedeas was applied for in due time.
If, however, in grammatical strictness, there be a doubt in this particular, yet, certainly a liberal construction of the words would extend to this case; for, clearly, the Legislature must have meant to include all Courts, and emphatically the General Court, for the reasons I have stated.
And, it ought not to be lost sight of, that if the limitation now in question does not embrace the cases at bar; that is to say, the case of judgments prior to October, 1788, there is no Legislative limitation whatever, of any past or future judgments of the General Court, but that Court is, in this respect, entirely pretermitted; and, consequently, all *173 that confusion and inconvenience will follow, which would arise from reviewing at very distant periods, and reversing, perhaps, many judgments relative to transactions which our government has supposed, and certainly must have wished, to be perfectly closed.
For these reasons,T think the writs of supersedeas ought to be quashed.
FLEMING, Judge.
By the act of 1792, appeals, writs of error and supersedeas, are to be granted, heard and determined by this Court, to decrees and judgments of the High Court of Chancery, General Court and District Courts, in the same manner, and on the same principles, as appeals, writs of error and supersedeas, are to be granted, heard and determined by the High Court of Chancery and District Courts, to and from any final decree or judgment of a County, City or Borough Court. It is, therefore, to be seen how they are to be obtained in those Courts. The act of 1788 prescribes as well a mode of obtaining and conducting them, as the principles upon which they are to be granted. The mode relates to the petition, the certificate by counsel, application to a Judge, or the Court, and the giving bond for performance in case of affirmance. The principles are the causes of granting them, and every other thing not relating to the mere forms of proceeding; as, for instance, the limitation of time, jurisdiction of the Court, and other things of that kind. And, by this law, no supersedeas was to be granted to any such judgment, after five years from the rendition thereof, in the case of future judgments, or after the first day of January, 1793, in the case of past judgments. Now, apply the first mentioned act to the directions of this, and it is impossible to resist the inference: for, this Court is to grant writs of supersedeas upon the same principles and under like limitations and restrictions with the District Courts: but, those Coui’ts cannot grant them after five years; and, therefore, necessarily, no more than this. The acts, when fairly considered, do not take away any right, but merely prescribe limits to the time of asserting it, like all other acts of limitation: which are made for the sake of quieting rights, and putting an end to litigation after a great length of time. The plaintiff has, indeed, sustained an injury from the error, which the Legislature, on application, will, perhaps, relieve him against; but the Court cannot.