the judges delivered their opinions seriatim.
Judge Coalter.
These are actions of trespass quare clausum frespit, in which the damages found are below 100 , „ J 5 ’ . . ° , , , dollars ; and the question is, whether the appeals are to be dismissed, the Court not having jurisdiction ? According to my opinion, another question arises, and that is, whether the freehold, or the title, or bounds of the land, were drawn in question ; and if so, that we should take jurisdiction of the cases, notwithstanding the smallness of the damages: but I am arrested in this inquiry, because the other members of the Court are of opinion, that, although the freehold may have been in controversy, and decided on by the Court, yet the damages are to be the sole criterion by which we are to be governed, as to the point of jurisdiction ; and they being under 100 dollars, the appeals must be dismissed.
After the most careful examination of which I am capable, and although I have had the benefit of the most patient and able advice of my brethren, I have not been able to satisfy myself, that the damages are the sole criterion by which we are to determine our jurisdiction in these cases ; and it therefore becomes my duty to deliver my opinion ; satisfied, when the opinion of others are delivered, I shall be found wrong, although, at present, Í have not the good fortune to perceive it.
The Act of Assembly,(a) entitled, “ An act for re- , . , , , „ ducing into one act, the several acts concerning the Court of Appeals, and the special Court of Appeals,” and which passed in October, 1792, in the 2d section enacts, That the Court of Appeals, amongst other things, shall have jurisdiction, “ also in such cases, as are now pending therein, or shall be brought before them by appeals, writs of error, or supersedeas, to reverse decrees of the High Court of Chancery, or judgments of the General Court, or District Courts, ckc- if the matter in controvert sy be equal in value, exclusive of costs, to 100 dollars. *204 if tbe judgment sought to be reversed shall be rendered in the District Court, or 150 dollars if in the General Court, or High Court of Chancery, or be a freehold, or franchise.(a)
The 14th section of the same law enacts, “ That appeals, writs of error, and supersedeas, may be granted, beard, and determined by the Court of Appeals, to, and from any final decree, or judgment of the High Court of Chancery, General Court, and District Courts, in the same manner, and on the same principles, as appeals, writs of error, and supersedeas, are to be granted, beard, and determined by the High Court of Chancery, and District Courts, to, and from any final decree or judgment of a Chancery Court,” &c.
The District Court law contains two sections, which it may be proper to advert to.(b) This law passed the same session with the other, and is entitled. “ An act, reducing into one, the several acts, concerning the establishment, jurisdiction, and powers of the District Courts. The 9th section declares, That the Court* when a question, new or difficult, arises, may adjourn any matter of law, to the General Court; or any party, thinking himself aggrieved by the judgment of the District Court, may appeal therefrom, as of right, or obtain a writ of error thereto, from the Court of Appeals, not of-right, but at the discretion of the Court.”
By the 53d section, it is enacted, “ That where any person, &c. shall, think himself aggrieved by the judgment of a County Court, &c. in any action, suit, or contest whatsoever, where the debt, or damages, or other thing recovered, or claimed, exclusive of costs, shall be of the value of 100 dollars, or 3,000 pounds of tobacco, or where the title, or bounds of land, shall be drawn in question, or the contest shall be concerning mills, roads, the probat of wilts, or certificates for obtaining administration, such person may appeal, &c. to the District Court.”
*205 Under these Acts of Assembly, the question now before the Court, arises ; and, before I come particularly to consider them, it may not he impertinent to observe that, in my humble opinion, it would frequently save the Courts much perplexity and doubt, were the legislature, in passing laws to organize and establish a particular Court, to enact, positively in one act, all the provisions relative to that Court, instead oi applying the provisions for establishing other Courts to it. The contrary course of legislation, however, has been long pursued, and doubtless for wise reasons : this is abundantly manifest, not only from the laws now immediately under consideration, but irom all the laws, relative to the judiciary department, in all its branches.
Thus the legislature having established a certain principie as to one Court, which it finds would properly apply to another, instead of re-enacting it as to that other, adopts and applies it, by a general clause, to that other, This may, in some respects, not be an unsafe course. The uniformity of the principle, as to both Courts, is a desideratum, which might be put to hazard by slight variations in phraseology, were a new bill drawn ; but, bs this as it may, this course of legislation has been adopted, and it becomes us, according to our best judgment, to discover the intention of the legislature, and pursue it. To return, however, to the question before the Court, I understand this position to be maintained, as to the jurisdiction of this Court, in actions of trespass quartclausum fregit : that although, in such action, the defendant may plead that the freehold is in him, or if the action be between two coterminous tenants, each holding in fee, relative to their boundaries, in which cases, the tide to the freeho'-d is directly litigated, and decided on; that yet this Court has not jurisdiction, to reverse an erroneous judgment, thus settling the title to lands, unless the damages recovered be 100 dollars, or upward. That, as the words of the Act of Assembly require that the matter in controversy -shall be equal in value, exclusive *206 of costs, to 100 dollars, or shall be a freehold, or frail» . . ... chise, that the matter in controversy, in this action, jg the damages to the freehold; and although the title to the freehold may be collaterally decided on, yet that is not the matter in controversy, and so these cases within the first member of the sentence, and require that the damages should be 100 dollars, or upward. In short, although the right to the freehold is decided on, that, yet, as possession cannot be recovered by this action, the freehold is not the matter in controversy, within the meaning of the act.
I shall first consider this general position, under the words of the second section of the act above quoted, concerning the Court of Appeals ; and, secondly, I shall consider how far those words have been explained, or enlarged by the other clauses and acts; premising, however, that there is no doubt entertained, as I understand, that an appeal would lie to the District Courts formerly, and to the Circuit Courts now, in actions of this nature, where the title, or bounds of lands, are drawn in question, even if the damages recovered be but a cent.
I shall not stop to inquire, whether the verdict and judgment, in this action, can be pleaded in bar of any action for another trespass, on the same lands, but shall content myself by admitting, that the verdict is only evidence to another jury, as the verdict in ejectment; but it may not be improper to make a few observations as to the nature of this action, as laid down in the books. In Bac. Abr. it is said, that this action, as well as those of ejectment and waste, is a mixed action, and must be brought where the land lies; and in the 3d vol. of Black. Com. p. 214., it is said, relative to this action, “ That it is one of the ways devised, since the disuse of real actions, to try the property of - estates ; though it is not so usual as that by ejectment; because that not only gives damages, but also possession of the land : whereas in trespass, which is merely a personal suit, the right can only be ascertained, but no possession delivered. Also in Gil *207 bert's Law of Evidence, p. 208., it is laid down, that the r mi. defendant m an action of trespass, may prevail, on the plea of not guilty, by making title to the land, for then he satisfies the declaration, as he proves that he did not enter into the plaintiff's close, but his own, and, consequently, that is a very just disproof of tiie plaintiff’s declaration.
It will be my first object, then, to consider, whether a fair construction of the second section of the act of 1792, will not authorize this Court to take jurisdiction in this action when the freehold is drawn in question? ¿Vnd, secondly, if it will not, how far that section has been explained, or amended and enlarged, by the clause authorizing appeals to this Court, in the same manner, and on the same principles, as appeals are granted from the County Courts to the District Courts.
In construing statutes, it is proper, that all acts in pari materia, though some of them may be out of force, are to be consulted in forming a conclusion, a) By the act of 1705(b) for establishing a General Court, an appeal lay in every case to that Court, of what nature or value soever the cause should be; but in personal actions, where the judgment or deer* e was for any sum under ¿01., or 4,000 pounds of tobacco, the apppellant could only assign error in matter of right; if above that, but under 50/., or 10,000 pounds of tobacco, he could only assign error in matter of right, and such errors in form as had been insisted on in the Court below; but where above 50/., and in all real actions, of what value soever, he might assign any errors, either of form or substance.
The damages in personal actions was fifteen per cent,, and in real actions, 2.000 pounds of tobacco: mixed actions, such as ejectment and waste, and trespass quare clausum fregit, if that be a mixed action, do not seem to be expressly provided for, but, partaking of the reality, probably were embraced in the clause relative to real actions.
*208 By the act of 1748,(a) for establishing a General Court, where any person, &c., is aggrieved by the judgmeat of any other Court of record, &c,, in any action or suit whatsoever, where the debí, or damages, or other 1 # # ° matter recovered in such action, exclusive of costs, shall exceed 10/., or 2,000 pounds of tobacco, or where the or b°nn¡ds °f land shall be drawn in question, such party may appeal, &c.; but it is restrained in assigning errors between 10/. and 20/., and between 20/. and 50/., in the same manner as stated in the act of 1705: but where the judgment or decree is for more than 50/., or 10,000 pounds of tobacco; and in all real actions of what value soever, any errors may be assigned*
Damages on affirmance in personal and mixed actions are fifteen per cent. 5 and in real actions 2,000 pounds of tobacco: and where the plaintiff or demandant appeals, and judgment is affirmed, he pays damages amounting to 600 pounds of tobacco; and no appeal shall be valid, or writ of error, or supersedeas granted, where the debt, damages, or other matter recovered, shall be of less value than 10'. or 2,000 pounds of tobacco, exclusive of costs, unless, in such suit, the title or bounds of land shall be in question.
This last law was re-enacted verbatim in 1753, as to these matters, and so the law remained until the acts of 1777, October session: whereby the jurisdiction of the General Court, which was theretofore, as well in common law as Chancery cases, and was the supreme Court, on this side the water, was divided; by the first of which, (Ch. Rev. 14.) a Court of Chano ry was established, and by the second, (Ch.Rev. 17.) the Genera! Court, having only common law, and criminal jurisdiction.
By the 42d section of this latter act, it is provided, That if any person, &c. shall think themselves aggrieved by the judgment or sentence of any Court, &c. in any action, suit, or contest., where the debt, or damages, or other thing, recovered or claimedexclusive of the costs, shall *209 be of the value of 10/. or 2,000 pounds of tobacco, or where the title, or bounds of land, shall be drawn in question, or the contest shall be concerning mills, roads, the probat of wills, or certificates for obtaining letters of administration, such person may appeal, &c. By the 43d section, where the defendant, in a personal action, appeals damages, on affirmance, shall be ten per cent., and when in a real or mixed action, 10/. or 2 000 pounds of tobacco; and where the plaintiff appeals, and in contests about milis, ¡kc., where the judgment is affirmed, the party appealing shall pay Si.
1 he word claimed, united with the thing recovered, occurs first in this law, as also the jurisdiction in cases of mills, ¡kc. ; and mixed actions are by express provision put on the same footing with real actions, as to the damages on affirmance.
1 his Court, as to common law cases, then remained the Court in the last resort, until May session, 1779, when an act passed {Ch. 22.) constituting the Court of Appeals, to consist of the Judges of the H'gh Court of Chancery, General Court, and Court of Admiralty: which law provides, that the Court so organized, shall have jurisdiction, inter alia, in all suits brought before them by appeals, and writs of error to reverse decrees of the High Court of Chancery, judgments of the General Court, i.nd sentences of the Court of Admiralty, &e« if the matter in controversy be equal in value, exclusive of costs, to SOL or be a freehold or franchise ; here the words now under consideration first occur.
Under these laws, it will be admitted, I presume, that the General Court, prior to the year 1779, that is to say, from the year 1748, until that time, had jurisdiction by. appeal, being the Court in the last resort, in all actions, whether re d, personal, or mixed, let the damages be what1 they may, provided the title, or bounds of lands, were drawn in question; and, of course, that the Court would have taken jurisdiction in these cases.
*210 It is said though, that the legislature intended a change in this respect in the Court of the last resort, and to con; fine the jurisdiction, unless the damages were 100 dollars, or upwards, to such real actions, and at most to such mixed actions, as ejectment and waste, where possession of the land itself might be recovered. The fact is, that for near half a century, in the disputes concerning land, the value of the subject matter of dispute, not the value of the particular tract, has given the appellate Court jurisdiction.(a) The action of trespass quare clausum fregit, as all the books say, may decide the right to the freehold. It is an action, which, in all times, has been much used in this country, to settle titles, and particularly disputed boundaries; and in' these actions, where the freehold is in 'controversy, and the principal matter in controversy, and, as in actions real, the damages, as well as the right to the freehold, are also in controversy, but the latter, the principal matter, I cannot see why we should stick in the letter, and say, that, though the freehold has been litigated, and decided on, yet, because possession could not be delivered, that the ■freehold was not the matter in controversy. If we take ■the letter of the act, this Court ought not to take jurisdiction in ejectment cases, because that action is not for a freehold, but for a term of years, and judgment is given for the term, which is not a freehold; yet, because the title of the lessor of the plaintiff to the freehold, as well as that of the defendant are incidentally drawn in and decided on, this Court always takes jurisdiction in those cases. Taking it therefore, either according to the reason or letter of the law, I cannot see why jurisdiction, should be taken in one of these actions, and not in the other; the rights of the parties are equally decided in both actions ; and as the Supreme Court had jurisdiction in both cases equally for near half a century, as I can see no reason for changing the law, and as such change, if it did take place,-is rather to be inferred than found i'n the express letter of the act, the law, supposed te> *211 change the former, not declaring, that it is in those cases, and those only, in which the freehold or franchise is not only controverted, but possession delivered or restored ; I am not disposed to think that the jurisdiction of the Court, in the last resort, was intended to be narrowed as to this subject, within what it had formerly been. Why does this Court take jurisdiction in actions of false imprisonment, where the defendant justifies because the plaintiff is his slave, and where the very finding of damages to 100 dollars, perhaps, would be error ? It is not because there is judgment to deliver the plaintiff from imprisonment ; but because the right of freedom, the loss of which would completely disfranchise him, is incidentally and collaterally decided.
In the case of Hutcheson and Kellum, if the Court had instructed the jury as to the law of the case, and under that instruction, they had found for the defendant, this Court would have had jurisdiction. (2 Call, 508. 3 Call, 181.) But if A. sues B. for a trespass on 100 acres of land; the defendant claims the whole tract, and the Court, erroneously, instruct the jury, that he has title to ninety acres of the tract, so that the damages to the ten acres only amount to ten dollars, the plaintiff has no redress, although, but for that erroneous instruction, he would not only have had his title correctly established to the 100 acres, but would probably have got 100 dollars damages, or more ; so that establishing his title to the ten acres would be a real misfortune to him ; for, had the Court decided against him, as to the whole tract, the whole error would have been corrected here. But if I had any doubts upon this subject, they are not only removed, as to cases of freehold, but as to all cases where the title or hounds of lands are draxvn in question, by the 14th section of the act of 1702, which gives this Court jurisdiction, in appeals, writs of error, and supersedeas, in the same manner, and on the same principles as appeals, &c., are granted to the District Courts, from judgments of the. inferior Courts.
*212 As this act professes to be, an act for reducing inté one act the several acts concerning the Court of Appeais. jt wju ge pr0per to look back to the time and occasion when the clause in question was originally enacted. It will be recollected, that from 1779 until 1788, the Court of Appeals consisted of the judges of the General Court, High Court of Chancer}', and Court of Admiralty : but on the 22d day of December, 1788, two acts passed, the one (ch. 67.) to establish District Courts; the other \ch 68.) to establish a Court of Appeals, to consist of five judges, to be elected according to the constitution, by joint ballot of both houses.
By the first of these acts, {sec. 16.) it is declared, thai questions of difficulty may be adjourned, &c. &c.; where a party thinks ¡ imself aggrieved by the judgment of the District Court, he may appeal thereupon as of right, or obtain a writ of error thereto, from the Court of Appeals, not of right, but at the discretion of the Court, Thus it would seem, that by this section," an appeal would be allowed in all cases in which that Court had jurisdiction, even in actions of slander, where the damages were under 100 dollars. This general right, however, tvas afterward restrained, as will be seen. By the 87th section of the same law, it is declared, that where any per- on thinks himself aggrieved by the judgment of the County Court, &c., in any action, suit, or contest iwhatever, where the debt, or damages, or other thing recovered, or claimed, in such suit, exclusive of costs, shall be of the value of 30/. or 3,000 pounds of tobacco, or upwards, or where the title, or bounds of lands are drawn in question, or the contest shall be about mills, roads, the probat of wills, or certificates for obtaining administration, such person may appeal to the District Court.
By the 2d of these acts, to wit, that organizing the Court of Appeals, it is enacted after directing how the judges are to be elected, &c. (in sec. 12.) that the seve *213 ml acts of assembly, concerning the Court of Appeals, as it is at present constituted, shall be pursued, mutatis mutandis, as far as it is not, or shall not be otherwise directed by this or a future act or acts. This, then, would adopt the former law of May, 17/9; and had the right of appeal been intended to remain the same as under that act, if it was not considered as altered by the section above noted, there would have been no necessity for any further provision ; but the district law above cited ;scc. 16.) had given a general appeal, and the former law, establishing the Court of Appeals, had neither provided for the cases of tobacco debts, nor caveats, nor for those arising in disputes about mills, roads, &c. The section, therefore, further declares, and enacts thus : ** provided, always, that appeals, writs of error, and supersedeas may be granted, heard, and determined, by the Court of Appeals, to and from any final judgment of the District courts, in the same manner, and on the same principles, as appeals, writs of error, and supe- sedeas, are to be granted, heard, and determined, by the District Courts, to and from final judgments in the County Courts. • According to these acts, then, this Court took jurisdiction in all cases of caveats, cases of roads, mills, &c. in cases of tobacco debts, to the amount of 3,000 lbs. and upwards, and in other cases where the sums recovered, or claimed, were 301. and upwards. As to this latter point, to wit, extending the jurisdiction to cases as low as 30/., it will be seen by recurrence to the order book, (No. 2. p. 90.) in the case of Yancey v. Johnson, that there was a judgment recovi red in the Charlottesville District Court, by the appellee, against the appellant, on the 2d of September. 1790, for 30/. 11s. 10d. damages and costs, in an action of assumpsit; which judgment was reversed in this Court in June, 1791. In the case of Lee v. Gale, in the same book, p. 140, 211. 2s. Id. were recovered in the County Court, in March, 1788; also, in an action of assumpsit, an appeal was taken to the General Court, then having cog *214 nizance as low as 10/.; it was, of course, transferred t© the District Court, where, in 1791, the judgment was affirmed; and that judgment was affirmed in this court;' its jurisdiction, as to appeals, being coextensive with that of District Courts. Thus the Court of Appeals, prior to the acts of 1792, took jurisdiction in cases below 50/. But it may be said, that these cases passed sub silentlo, and that the court, in reality, at that time, had not jurisdiction below 50/. It can scarcely be supposed that they passed without observation, and if observed, could not have passed without some consideration. I have no doubt the Court considered their jurisdiction enlarged, by that clause,to cases of 100 dollars in amount; hut the case of Gaskins v. Commonwealth, 1 Call, 194. is a solemn adjudication, that this clause did operate on the jurisdiction of this Court, and, I think, the jurisdiction taken in caveats (a) in which cases neither party has the freehold, unless where the caveator may claim by prior patent. The cases of roads, mills, probat of wills, and granting letters of administration, particularly the two latter, together with tobacco debts; for, in these last, the jury does not find the value, but the debt, to the amount of so many pounds of tobacco, as the bond specifies, must all depend on this clause.
The legislature, too, considered the jurisdiction as extended by that law to cases of 100 dollars; for, in 1792, when they come to reduce the general acts into one, they insert that sum in the law. But it may be said, as they changed the sum, why did they not change the other phraseology of the section, so as to make it the same as the section in the District Court law ? I answer, that bad they done so, it would have been necessary to have inserted, several clauses from the District Court law, which the legislature wished to avoid, by retaining the clauses in question, and particularly as they were professing simply to reduce into one the several acts, &c. : but there may have been another reason; the \toxd franchise was not in the District Court law. This is cer *215 tainly an important subject of jurisdiction ; and, therefore, without altering the laws as they theretofore stood, the legislature satisfied themselves by reducing them into one act.
Upon the whole, I can see no reason for confining the jurisdiction of this court to cases of freehold, where, as '¿veil the title as possession, is adjudged to the one party or the other. I think Í am not impelled to a contrary decision by the 2d section of the Court of Appeals’ law; and that, if that section was more express, yet it must be taken in conjunction with the other sections and laws j and all must be construed together as forming one system, and so to have their respective operations. I think, therefore, that the court may have jurisdiction in these cases, if the freehold, or title, and bounds of lands, are in question, and that we ought to look into the records to see if such is the case.
Judge Cabell.
These were actions of trespass quarti clausum fregit, in which the damages recovered were less than 100 dollars; and the only question is, whether this court can take jurisdiction; it appearing from the records that the title or bounds of lands were drawn in question in the inferior court.
I consider this question as lying within a very narrow compass, and susceptible of a ready solution, by reference to the clause in the act of assembly regulating the jurisdiction of this Court, as contrasted with that regulating the appellate jurisdiction of the District Courts. To give this Court jurisdiction, the matter in controversij must be equal in value to 100 dollars, or must be a freehold or franchise. The action of trespass is one, in which damages only are recovered ; and, although the title or bounds of land may be incidentally and collaterally brought in question, yet the value of the matter in controversy is, from the very nature of the action, the value of the damages sustained by the trespass; and this, as well where the title or bounds of land may be drawn *216 in question, as where they may in no manner be involved in the dispute. To give this Court jurisdiction on the ground of freehold or franchise, the language of the law . is express, not that the matter in controversy must have relation to, or concern a freehold or franchise, but must be a freehold or franchise. I consider, therefore, that it must be directly the subject of controversy, and not incidentally and collaterally, as in actions of trespass. This destination seems to have been particularly attended to by the legislature, as appears from the marked difference in the phraseology of the tWo acts regulating the jurisdiction of this court, and the appellate jurisdiction of the District Courts. In the latter, the expressions “ be a freehold or franchise,” are dropped, and others adopted, viz. ‘‘ the title or bounds of land shall be drawn in question.” I cannot conceive that they meant the same thing by this essentially different form of expression. It is not for me to assign the reason of the difference; it is sufficient that the legislature has determined that the difference shall exist. I am, therefore, of opinion, that the appeals be dismissed.
Judge Roane.
As to the subject of the jurisdiction of this Court in general, I beg leave to refer to the opinion I have just delivered in the case of Lewis v. Long. The result of that opinion is, that where the matter in controversy is of less value than 100 dollars this court has no jurisdiction, unless that matter be a freehold o- franchise. This is expressly laid down in the 2d section of the act constituting this Court, and is not changed or varied by the 14th section of the same act, declaring that appeals, writs of error, or supersedeas, shall be granted, heard, and determined, by this Court, to and from the judgments of the General Court, District Courts, and High Court of Chancery, in the same manner, and on the same principies as they are granted, heard, and determined, by the High Court of Chancery and District Courts, to and from the judgments of the County Courts. *217 These terms, “ 'manner and principles,” may be abundandy satisfied without impugning or doing away the criier.on of jurisdiction expressly established by a former section of the same act; and it is presumed that this Court went full far enough, in the case of Gaskins v. Commonwealth,(a) in construing this provision to brace the limitation of time prescribed in relation to the other Courts . ia a case, too, in which there was no conflicting provision, as to appeals allowed to this Court* but which (to say the most) was merely an omitted case: although, as to the County Courts, an appeal lies to the District Courts, in cases in which the title or bounds of land shall be drawn in question, (probably because questions of this kind-, being generally intricate, should, in no event, he submitted to the final decision of those tribunals) it does not follow that the same provision was necessary in relation to trials in the District Courts, or Superior Courts, had there been no provision to the contrary. Those Courts, being more skilled in the law* might, in b e opinion of the legislature, well be trusted with the final decision of questions of that nature, except where the sum found is over the general limits of the act, or where the controversy is for the freehold or franchise itself.
It is said that, in relation to the old General Court, áppeais lay in all cases where the tides of land came in question. This is admitted; and that for the very reason that they now lie from the County Courts to the District Courts. And the reason why the present Supreme Court is narrowed in its jurisdiction in this case, from that which formerly belonged to the old General Court is, because of the establishment of the intermediate District Courts, which, as I have already said, are made final as to their jurisdiction, unless the freehold itself be the direct object of the action.
If we attend to this distinction in the two acts, and reject the construction contended for under the term manner and principles,” we are then brought to the *218 single point, whether the matter in controversy in an action of trespass quare clausum fregit is the freehold itself.
This is expressly shown to be otherwise by all the elementary writers. In 3 Bl. 213. we are told that in this action “ nothing is recovered but damages for the wrong committed,” though it is readily admitted that in this action the title or bounds of the land do sometimes come in question. In the County Courts, when the title or bounds of land do come in question, (or where the adequate damages are found, an appeal lies to the District Courts; and in the District Courts, when the freehold or franchise itself shall be the matter in controversy, (with the same exception as to damages; an appeal lies to this Court. The latter not being the case, in the present instance, though it be admitted that the controversy was one in which the title or bounds of land may have been drawn incidentally and collaterally in question ; and the damages found in both these cases being below the limit marked out for the jurisdiction of this Court; I am of opinion that both appeals be dismissed.
Judge Fleming.
These being actions of trespass quare clausum fregit, sounding altogether in damages, which were assessed at less than one hundred dollars; and neither a freehold nor a franchise being in controversy, I am of opinion that this Court has no jurisdiction of the causes, and that the appeals be dismissed.
By the Court, appeals dismissed.

 Revisea Code, 1st vol. p. 60.

 Revised Code, 1st vol. p. 62.

 Ib. p. 72.

(a) Gaskins v. Commonwealth, 1 Call, 198.

 Edition of 1734, p. 163.

 Edition of 1748, p. 245.

 8 Call, 470—4.

 Currie v. Martin, 3 Call, 40.

1 Call, 194.