Judge Roane
pronoqncedjthe court’s opinion.
“ The court (not deciding, at this time, whether, after an appeal has been duly granted and perfected according to law, it is competent to the party obtaining the same to carry his case to the Appellate Court by way of supersedeas also, oris confined to his appeal,) is of opinion that the appeal granted from the judgment of the County Court in this case was not so perfected; bond with surety not having been entered in *109 to during the term in which the same was prayed. It was not, therefore, erroneous in the Superior Court to act upon the supersedeas obtained thereafter in the same case ; the rectitude of the judgment on which is now to be considered,
« As to the power of the legislature to act upon remedies; in cases in which the legislative intention is clearly expressed, and in which, also, such interference does not in effect destroy the right of the parties, the court is not disposed to question it. That power, on the contrary, has been asserted by this court, particularly in the case of Gaskins v. commonwealth. (a) But the case before us is one depending merely upon construction, and in which no such legislative intention is clearly expressed, or evidently inferible. The application of the rule now in question to previously existing judgments, would deprive the party of his right altogether as to some judgments, and greatly abridge his extent of time as to others.”
“ In cases in which a limitation has been intended to be affixed to previously existing judgments also, the legislature has expressly provided therefor; as by the act of 1788 limiting writs of supersedeas to five years, and confining the previous cases to three years after the passing of the act. That act consequently afforded a protection to previous cases, which would be wanting in many cases if the rule before us were applied to antecedent judgments. In the case before us, therefore, depending merely on the construction of the act on general principles, those principles must turn the scale in favour of a merely prospective construction. All acts take effect on general principles from the time of their passage; and the act in question has a particular declaration to this effect. In a case of general expression, therefore, like the one before us, the act will be read as if every clause was prefaced with the declaration contained in the last section thereof; viz. “ that, from and after the passage of this act, all judgments,” 8cc. This construction was fully adopted by this court in the case of Hewitt and the Commonwealth, (b) and meets the entire approbation of the court in relation to the case before us.

*110
"The consequence of this opinion is that, although the replication demurred to is insufficient, in admitting the de~ fendant's plea to be a bar, and replying the defendant's as~ sumption to cure or release the same, that plea also is insufficient, in applying to this case a construction which cannot effect it; cannot abridge the p1aintiii~s pre-existing rignt to sue out his ~cire faciaa: and, such being the defect of the plea; on the principle of going up to the first fault, that plea must be overruled, and judgment given for the appellant on his acirefacia$."

" The judgments of both courts are therefore to be re~ versed, and judgment entered for the appellant."

 1 Call 194

^ ^ ^ & M 186.